IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LISA MORGAN and EDWARD MORGAN | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 17-1013 |
| | : | |
| ALMARS OUTBOARDS, INC. | : | |

## MEMORANDUM

McHUGH, J.                                                                                                                            OCTOBER 17, 2017

      This is a product liability action in which Plaintiff Lisa Morgan alleges that she suffered traumatic amputation of two fingers because of the defective design of a gate latch on a pontoon boat that was sold by Defendant Almars. Plaintiffs have produced evidence that the manufacturer of the boat had issued a safety recall notice before the boat that injured plaintiff was sold by Defendant Almars, and again approximately 10 months thereafter. Suit was originally brought in the Eastern District of Pennsylvania, and the case transferred to the District of Delaware for lack of jurisdiction in June 2017. Because the undersigned judge, sitting by special designation in the District of Delaware, also presided over the case in Pennsylvania, the court is intimately familiar with the details of this matter, having practiced active case management from its inception. In particular, the Court was aware from the outset of the case that Almars sought to challenge the jurisdiction, but recognizing the gravity of Plaintiff's injuries and the apparent strength of the liability case, it communicated to counsel that even as jurisdiction was being litigated, progress should be made in getting to the merits of the case. Of particular note is the Court's order of November 14, 2016, following a Preliminary Pretrial Conference pursuant Rule 16, which provided in relevant part:

 3. Because this case will be transferred if there is no personal jurisdiction over the defendant in the Commonwealth of Pennsylvania, discovery as to liability and damages shall proceed as well.

4. Notwithstanding the jurisdictional issue, this Order contemplates no restriction on the scope of discovery on the merits, provided, however, that with respect to depositions, if Defendant is prepared to certify to the court that the joinder of a viable Third Party Defendant is likely, and will result in the need to retake a deposition, it may submit a Motion for Protective Order for consideration by the Court.

It bears mention that Defendant had a specific strategic purpose in seeking jurisdiction in the Delaware, because it is one of the few states that does not impose strict liability on a non-manufacturing supplier of product. Recognizing the potential significance of this issue, the Court directed the parties to submit briefs as to whether this case was governed by Delaware law, or by federal maritime law, given that the injury occurred on navigable waters. That issue was resolved by mid-December 2016, as the parties stipulated to the applicability of maritime law.

With this case now venued in Delaware, Defendant Almars seeks leave pursuant to Federal Rule of Civil Procedure 14(a) for late joinder of third-party actions. Such decisions rest within the sound discretion of the trial court. *Bike v. American Motors Corp.*, 100 F.R.D. 77 (E.D. Pa. 1984). Rule 14 does not set forth specific factors, but district courts have generally focused on four issues in determining whether joinder is appropriate: (1) the timeliness of the motion; (2) whether the filing of the third-party complaint will introduce an unrelated controversy or will unduly complicate the case to the prejudice of the plaintiff; (3) whether the third-party complaint will avoid circuity of action and settle related matters in one law suit; and (4) whether the evidence, witnesses, and legal issues will be substantially the same in the defendant's third-party action and plaintiff's action. *Scobie v. Waco Equip. Co.*, 2008 WL 1943551, at *1 (W.D. Pa. May 1, 2008). I recognize that the Rule has generally been liberally construed, but have no hesitation in concluding that this case falls within the category of those where late joinder is appropriately denied.

Turning first to the issue of timeliness, in opposing the motion Plaintiffs focus on the microcosm of the case, arguing that Defendant violated my Order of August 2, 2017, establishing a 20-day deadline within which to file any joinder motion. Even accepting Defendant's contention that a mishap in the Court's ECF system prevented it from getting an electronic notice of this Order, I note that local counsel for Almars entered an appearance on August 17, should have reviewed the docket at that point, and taken appropriate steps to communicate with the Court about any logistical difficulty in receiving notices. When defense counsel ostensibly learned of the order in early September, it wrote to the Court requesting an additional 20 days within which to file its motion, and with no further communication simply presumed that such an extension would be granted. Given the Court's active management of the case and efforts to make progress in reaching the merits, counsel's conduct is strikingly cavalier. But I do not deny this motion on such technical grounds, because the defendant has a far more profound problem with respect to timeliness.

Defendant makes no showing that it would have been unable to join the prospective third-party defendants while this action was pending in Pennsylvania. As its own invoice shows, defendant Robert Spencer resides in Pennsylvania. The proposed corporate defendants, Bentley Industries, LLC, Bentley Marine Group, LLC, and Encore Boat Builders, LLC, (hereafter "Bentley defendants"), have no direct connection to the state of Delaware, as all are South Carolina entities. Necessarily Almars will need to advance a theory of jurisdiction against these parties in Delaware, and nowhere does it allege that it would have been unable to advance similar theories in Pennsylvania. By way of illustration, the most recent Bentley entity identified by Defendant, Encore Boat Builders, LLC, has an authorized dealership, Philadelphia Boat Supply, at 8900 State Road in Philadelphia, less than 12 miles from the federal courthouse.

Ironically, on its homepage, Philadelphia Boat Supply continues to proudly display a Bentley logo.

In short, under the Court's Case Management Order, at an early stage in this case, without any prejudice to its right to litigate jurisdiction, Defendant could have moved to join all of the defendants it now seeks to join more than a year later.  As to Spence, jurisdiction would have been a foregone conclusion.  As to the Bentley defendants, there would have been a colorable basis for asserting jurisdiction that on its face would appear to be at least as strong as any basis for joinder in Delaware.

As to the second factor, complication of the case and prejudice to the Plaintiffs, there is little doubt that joinder would be problematic.  Spence might raise objections to jurisdiction, and the Bentley entities certainly will, and there will be daunting issues of successor liability with respect to the latter.  The issues as between Plaintiffs and Almars are well-defined, and need not be complicated by Almars' disputes with third parties.  The prejudice to Plaintiffs is self-evident, given the length of time this case has been pending, and the further delay that will ensue without the possibility of   compensation for serious injury.

The third factor weighs somewhat in favor of Almars, because denying joinder could result in duplicative litigation.  But many of the issues are entirely unrelated, in particular the question of successor liability on the part of any current Bentley entity.  And if Almars ultimately seeks contribution, any targets of its claim might not even contest the validity of Plaintiffs' right to compensation, limiting ancillary litigation to the separate and discrete issue of whether they can be said to share responsibility.

As to the fourth factor, because the issues between Plaintiffs and Almars are at this point straightforward, and the issues between Almars and the prospective third-party defendants far more complex, the evidence would in many respects not be similar. As noted above, significant jurisdictional issues would need to be addressed as to all of the potential third-party defendants. On liability issues, the principal focus of the case against the Bentley defendants – successor liability – would be entirely different.

Among the additional factors a court must consider is whether the proposed joinder would foster meritorious claims. *Scobie* at *1 (citing *Hicks v. Long Island R.R.,* 165 F.R.D. 377, 379 (S.D.N.Y.1996)). At the case management conference convened at the inception of this case, counsel for Plaintiffs comprehensively reviewed his analysis of the viable claims, which included his investigation into potential liability of the boat's owner, Mr. Spence, who is insured for the loss. Plaintiffs' counsel concluded such a claim would lack merit. Counsel further reviewed his analysis of the difficulties in prevailing against the Bentley defendants, and shared his informed opinion that such a claim would face multiple obstacles.[1] Although I am obviously not in a position to determine the ultimate merits of these potentially responsible parties, it is far from clear that joinder will accomplish the result that Almars seeks.

It bears emphasis that denial of joinder will not deprive Almars of any substantive rights. Should it settle this case or be found liable to Plaintiffs, it remains free to pursue contribution against any entity it deems appropriate. An Order denying joinder will be issued.

    /s/GeraldAustinMcHugh
United States District Judge

---

[1] Ironically, as Plaintiffs' counsel points out, Almars has not managed to keep pace with the continued metamorphosis of Bentley, as there is yet another entity, Bentley Acquisition, LLC formed in South Carolina in June 2017, transferring ownership of Encore Boat Builders. Document 30, Exs. F and G.